IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HORIA CRETAN, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEWPORT TOWNSHIP, | ) | |
| a municipal corporation, | ) | |
| PENNSYLVANIA AMERICAN WATER, | ) | |
| a business corporation, and | ) | |
| LUZERNE COUNTY, | ) | |
| a municipal corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, HORIA CRETAN, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Middle District of Pennsylvania.

## PARTIES

5.      Plaintiff, Horia Cretan, is an adult male individual who resides in Luzerne County, Pennsylvania.

6.      Defendant, Newport Township ("Township"), is, and was, at all times relevant to this Complaint, a Pennsylvania municipal corporation with offices located at 128 Township Drive, Dunbar, Pennsylvania 15431.

7.      Defendant, Pennsylvania American Water ("American Water"), is, and was, at all times relevant to this Complaint, a subsidiary of American Water and a Pennsylvania business corporation with a registered address of 800 West Hersheypark Drive, Hershey, Pennsylvania 17033.

8.      Defendant, Luzerne County ("County"), is, and was, a Pennsylvania municipal corporation with offices located at 200 N River Street, Wilkes-Barre, Pennsylvania 18711.

## FACTUAL ALLEGATIONS

9.      At all times relevant to this Complaint, Plaintiff owned a property located in Defendant Township and Defendant County located at 1010 W Main Street, 1010 ½ W Main Street, and 1012 W Main Street, Nanticoke, Pennsylvania 18634.

10.     At all times relevant to this Complaint, the aforementioned property included both residential and commercial property.

11.     At all times relevant to this Complaint, Plaintiff resided at that property.

12.     Plaintiff believes, and therefore avers, that Defendant Township holds a contract with Defendant American Water and that, under the contract, Defendant American Water is required

to supply water to Defendant Township's residents including, but not limited to, Plaintiff, as well as to supply water to and maintain the fire hydrants surrounding residents' properties in Defendant Township, on behalf of Defendant Township.

13. Plaintiff is therefore the beneficiary of the aforementioned contractual relationship between Defendant Township and Defendant American Water.

14. At all times relevant to this Complaint, Defendants Township and American Water had a duty to the Plaintiff to service, inspect, maintain, and properly dispense water to the fire hydrants surrounding the Plaintiff's property.

15. Defendants Township and/or American Water's duty to service, inspect, and maintain fire hydrants surrounding the Plaintiff's property includes, but is not limited to, winterizing fire hydrants so that they do not freeze and/or malfunction in cold temperatures.

16. On or about January 13, 2023, Plaintiff believes, and therefore avers, that Defendants Township and/or American Water took steps to winterize the aforementioned fire hydrants surrounding the Plaintiff's property.

17. Plaintiff believes, and therefore avers, that Defendants Township and/or American Water took steps to winterize the fire hydrants surrounding the Plaintiff's property because Defendants Township and/or American Water knew, or should have known, that the water in the fire hydrants were likely to freeze and/or malfunction in cold temperatures.

18. Plaintiff believes, and therefore avers, however, that some fire hydrants surrounding the Plaintiff's property were not winterized and/or were not properly winterized.

19. Plaintiff further believes, and therefore avers, that Defendants Township and/or American Water knew, or should have known, through the required maintenance, that the fire hydrants near the Plaintiff's property had low water pressure.

3

20. Plaintiff believes, and therefore avers, that multiple fire hydrants maintained by Defendant Township and/or American Water and near similarly situated properties in Defendant Township, were properly maintained and winterized and/or did not freeze in cold temperatures and/or did not have low water pressure. No rational basis exists for this difference in treatment.

21. At all times relevant to this Complaint, Defendants Township and/or American Water had actual knowledge that the fire hydrants surrounding the Plaintiff's property were likely to freeze and/or malfunction in cold temperatures if Defendants Township and/or American Water did not properly winterize and/or maintain the hydrants.

22. On or about January 21, 2023, Plaintiff's property and residence located in Defendant Township caught fire.

23. Multiple fire departments responded to the fire at the property.

24. The fire hydrants near the property, however, were frozen, malfunctioned, and/or had low water pressure and failed to distribute any water.

25. As a result of the aforementioned inoperative fire hydrants, firefighters were unable to quickly distribute water to contain the fire.

26. By the time the firefighters were able to distribute any water onto the fire at the Plaintiff's property, the fire had significantly spread, resulting in the roof of the building collapsing.

27. As a direct and proximate result of the inoperative fire hydrants, as more fully described hereinbefore above, the firefighters were unable to contain the fire on the Plaintiff's property.

28. As a direct and proximate result of the uncontained fire, a portion of the Plaintiff's property was destroyed.

29. Plaintiff's personal property inside of the building at the time of the fire was destroyed by the fire, resulting in a loss of approximately $90,000.00.

4

30. Prior to the fire on the Plaintiff's property, Defendants had actual knowledge of the probability that the fire hydrants surrounding the Plaintiff's property would freeze in cold temperatures.

31. Despite that actual knowledge, Defendants Township and/or American Water failed to take any action to resolve the frozen hydrants surrounding the Plaintiff's property but, nevertheless, purported to maintain working fire hydrants within Defendant Township.

32. As a result of Defendants' actions, as more fully described hereinbefore above, the fire hydrants were not properly maintained and were inoperative at the time of the fire on the Plaintiff's property.

33. The failure of the Defendants, and each of them, to properly maintain the fire hydrants and prevent freezing, created a reasonably foreseeable risk that a property in Defendant Township, including the Plaintiff's property and residence, could be destroyed by a fire that could have otherwise been controlled with properly working fire hydrants.

34. As a result of the actions and inactions of the Defendants, and each of them, the fire on the Plaintiff's property was not contained Plaintiff's residence, the Plaintiff's personal property, and a portion of the property were destroyed.

35. On or about January 23, 2023, one (1) day after the fire, at or around 5 a.m., Defendants Township and/or Defendant County demolished the remaining structure on the Plaintiff's property.

36. Defendants Township and/or County did not follow the proper procedure to condemn and/or demolish the Plaintiff's property.

37. Defendants Township and/or County did not properly notify the Plaintiff of the demolition of the property and demolished the property two (2) days following the fire.

5

38. Because the Plaintiff was not notified of the demolition, he was not able to inspect the property for any personal items that may have not been destroyed in the fire.

39. Plaintiff believes, and therefore avers, that personal property which was not destroyed by the fire, was destroyed as a result of the demolition by Defendants Township and/or County.

40. Furthermore, the commercial property was not destroyed by the fire and had minimal damage from the fire.

41. Although the Plaintiff's commercial property was not destroyed by the fire, Defendant Township and/or Defendant County improperly proceeded with the demolition of the commercial property and building, without just cause or legitimate purpose.

42. Plaintiff believes and therefore avers, that Defendants County and/or Township do not demolish property of similarly situated property owners with similar damage, as described at Paragraph 40.  No rational basis exists for this difference in treatment.

COUNT I:

PLAINTIFF v. DEFENDANTS TOWNSHIP and AMERICAN WATER

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>DUE PROCESS</u>

43. Plaintiff incorporates by reference Paragraphs 1 through 42 as though fully set forth at length herein.

44. At all times relevant to this Complaint, Defendants Township and American Water had a duty to the Plaintiff to provide water to the Plaintiff's property as well as to properly dispense water to and/or service, inspect and maintain the fire hydrants surrounding the property.

45. As more fully described hereinbefore above, Defendant Township and/or Defendant American Water took steps to winterize fire hydrants surrounding the Plaintiff's property.

46. Plaintiff believes, and therefore avers, however, that some fire hydrants surrounding the Plaintiff's property were not winterized and/or were not properly winterized.

47. Defendants Township and American Water failed to take any action to properly maintain the fire hydrants nears the property, as more fully described hereinbefore above.

48. In failing to winterize and/or properly winterize the fire hydrants near the Plaintiff's property, as described hereinbefore above, Defendants exposed the Plaintiff to foreseeable harm, i.e. Plaintiff's property being destroyed by a fire, and thereby willfully disregarded the Plaintiff's safety and property.

49. The failure to take any action, despite having actual knowledge of the probability that the fire hydrants near the Plaintiff's property would freeze in cold temperatures and/or had low water pressure, created an opportunity for injury and harm to the Plaintiff that would not have existed but for the Defendants' actions of improperly winterizing and/or improperly maintaining the fire hydrants within Defendant Township.

50. Defendants' failure to maintain working fire hydrants and/or taking proper preventative action constitutes a willful disregard and a deliberate indifference to the rights of the Plaintiff. In doing so, Defendants failed in their affirmative duty to the Plaintiff.

51. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's rights under the Fourteenth Amendment to the United States Constitution were violated;

    b. loss of residential property and personal property;

    c. extreme emotional distress and emotional suffering;

       d.       economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

52.    Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53.    At all times relevant to this Complaint, Defendants Township and American Water had a duty to the Plaintiff to provide water to the Plaintiff's property as well as to properly dispense water to and/or service, inspect and maintain the fire hydrants surrounding the property.

54.    As more fully described hereinbefore above, the fire hydrants surrounding the property were not properly winterized and/or maintained, which caused the hydrants to freeze, have low water pressure and/or become inoperative.

55. Other similarly situated properties within Defendant Township and the fire hydrants surrounding those properties within Defendant Township were winterized and properly maintained.

56. No rational basis exists for this difference in treatment.

57. The Defendants' failure to take preventative action constitutes a willful disregard and a deliberate indifference to the rights of the Plaintiff.

58. As more fully described hereinbefore above, Plaintiff believes and therefore avers, that Defendants County and/or Township do not demolish property of similarly situated property owners. No rational basis exists for this difference in treatment.

59. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's rights under the Fourteenth Amendment to the United States Constitution were violated;

    b. loss of residential property and personal property;

    c. extreme emotional distress and emotional suffering;

    d. economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                        JURY TRIAL DEMANDED

COUNT III:

PLAINTIFFS v. DEFENDANT TOWNSHIP

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

<u>PROCEDURAL DUE PROCESS</u>

60. Plaintiff incorporates by reference Paragraphs 1 through 59 as though fully set forth at length herein.

61. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Township and Defendant County for violations of his constitutional rights under color of law.

62. As more fully described hereinbefore above, Defendant Township and/or Defendant County demolished the Plaintiff's property without just cause or legitimate purpose.

63. Plaintiff's property was demolished without due process of law, as more fully described hereinbefore above.

64. As more fully described hereinbefore above, Defendants County and/or Township failed to follow proper procedure and notify the Plaintiff that the property would be demolished.

65. At all times relevant hereto, Plaintiff had a constitutionally protected interest in owning and using real property, to wit, Plaintiff's above-described residential and commercial property.

66. As a direct and proximate result of the Defendant Township and Defendant County's actions, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's rights under the Fourteenth Amendment to the United States Constitution were violated;

    b. loss of commercial property and personal property;

    c. extreme emotional distress and emotional suffering;

      d.      economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Township and Defendant County, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANTS TOWNSHIP and AMERICAN WATER

VIOLATION OF THE PLAINTIFF'S
PENSNYLVANIA COMMON LAW RIGHTS

NEGLIGENCE

67. Plaintiff incorporates by reference Paragraphs 1 through 66 as though fully set forth at length herein.

68. Plaintiff claims damages for the injuries set forth herein against the Defendants for violations of the Plaintiff's rights under Pennsylvania Common Law.

69. The failure of the Defendants, and each of them, to properly maintain the fire hydrants, as more fully described hereinbefore above, created a reasonably foreseeable risk that a surrounding property in Defendant Township, including the Plaintiff's property, could be destroyed by a fire.

70. At all times relevant to this Complaint, Defendants, and each of them, had a duty to the Plaintiff to properly dispense water to and/or service, inspect, winterize, and maintain the fire hydrants surrounding the property.

71.     As more fully described hereinbefore above, Defendants breached that duty when they failed to take proper action to properly winterize and prevent the fire hydrants near the Plaintiff's property from freezing, despite having actual knowledge of the likelihood that the fire hydrants would freeze in cold temperatures.

72.     As a direct and proximate result of that breach in duty to the Plaintiff, the house and belongings on the property were destroyed.

73.     As more fully described hereinbefore above, Defendants had actual knowledge of the deficiencies of the fire hydrants surrounding the Plaintiff's property.

74.     The failure of the Defendants, and each of them, to properly maintain the fire hydrants and to properly winterize the hydrants, created a foreseeable risk that a surrounding property in Defendant Township, including the Plaintiff's property, could be destroyed by a fire.

75.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's rights under the Pennsylvania Common Law were violated;

    b.    loss of residential property and personal property;

    c.    extreme emotional distress and emotional suffering;

    d.    economic damages related to any and all consequential costs, including, but not limited to, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: January 19, 2024